# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-20925
Summary Calendar

---

DARRYL CARTER,

Petitioner-
Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-
Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H:98-CV-1790
---------------------------------------------------------
September 6, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Daryl Carter, Texas prisoner # 728436, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. A certificate of appealability was granted for the issue whether Carter received ineffective assistance of counsel when his attorney did not call as a trial witness defense investigator Andy Williams to counter the testimony of Mary Zaman, the victim and witness of the robbery. Zaman testified at trial that she had never seen Carter in the store before the robbery. A report from Williams to Carter's attorney indicated that Zaman had told Williams that she recognized Carter because he had previously been in the store.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carter argues that his attorney was ineffective for not calling Williams to testify because such testimony would have casted doubt on Zaman's testimony and would have bolstered his defense that Zaman identified Carter as the robber, not because he was the perpetrator, but because she recognized him from having been in the store before the robbery.

To prevail on an ineffective-assistance-of-counsel claim, a petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must prove both deficient performance and prejudice, and a failure to establish either deficient performance or prejudice defeats the claim. Id. at 697.

To prove deficient performance, the petitioner must show that counsel's actions "fell below an objective standard of reasonableness." Strickland. 466 U.S. at 688. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id, at 694, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Carter's attorney was able to present his misidentification argument effectively without Williams' testimony, and, even if the attorney was ineffective for failing to call Williams as a witness, Carter has not established that the result of the trial was unreliable or that he suffered fundamental unfairness at trial.

The district court's dismissal of Carter's § 2254 petition is AFFIRMED. Carter's motion to amend his habeas petition is DENIED.